UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JUAN RUIZ,

     Plaintiff,

vs.

MILLICOM INTERNATIONAL SERVICES LLC,
 a Florida Limited Liability Company,

     Defendant.

_____/

## **COMPLAINT**

     Plaintiff, JUAN RUIZ, (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendant, MILLICOM INTERNATIONAL SERVICES LLC, a Florida Limited Liability Company (hereinafter, "Defendant"), and states as follows:

### **JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, to redress injuries resulting from Defendant's unlawful, retaliatory discharge of Plaintiff. *et seq.*

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, because the acts that give rise

1

to Plaintiff's claims occurred within the Southern District of Florida, and because Defendant is subject to personal jurisdiction there.

4. Plaintiff, at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## **PARTIES**

5. Plaintiff at all times material hereto, was a member of a class protected under the ADA, and ADAAA, and the FCRA in that he was a person with a disability as defined by those Acts.

6. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A), Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about June 13, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was terminated from his position on or about May 31, 2022. His Charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on October 24, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as "Exhibit A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

14. All other conditions precedent to this action have been performed or have been waived.

## <u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u>

15. Plaintiff was employed by Defendant continuously from August 2017 through on or about May 31, 2022, as a Global Investigations Manager.

16. On or about September 29, 2020, Plaintiff was diagnosed with post-traumatic stress disorder ("PTSD"), major depressive disorder, and generalized anxiety stress disorder. PTSD and anxiety stress disorder are disabilities under the ADA, the ADAAA, and the FCRA in that these conditions substantially impair Plaintiff's ability to at minimum concentrate, evaluate, and communicate/interact with others. The ability to concentrate, evaluate, and communicate/interact with others are considered "major life activities" as defined by the ADA and ADAAA. As a result, Plaintiff was placed on antidepressants and other medication by his doctor.

17. On or about February 18, 2021, Plaintiff informed Human Resources representative, Elba Cunillera (hereinafter "Cunillera") of his diagnosis and condition.

18. In mid-year in 2021, Defendant hired a new CSR Director, Alfredo Avila ("Avila"), who became Plaintiff's immediate supervisor and was aware of Plaintiff's medical condition.

19. From the moment Avila learned of Plaintiff's disabilities he began to treat Plaintiff differently than other non-disabled similarly situated employees in virtually all respects of the work environment. Plaintiff was systematically excluded from communications, his assignments were micromanaged, and Avila spoke to him in a condescending tone.

20. On or about May 24, 2021, Plaintiff made a request to Cunillera to work from home because the building was shaking as a result of the vehicles speeding over the speed bumps of the parking lot inside the building. Plaintiff's requests were denied by Cunillera.

21. Starting on August 11, 2021, Plaintiff complained to Human Resources, specifically Cunillera, about the harassment and disparate treatment he was being subjected to by Avila. Specifically, Plaintiff complained that Avila consistently micromanaged his assignments and spoke to Plaintiff in a condescending tone, which caused Plaintiff's stress and anxiety levels to rise. Plaintiff's complaints were dismissed by Cunillera without any intervention.

22. The disparate treatment of Plaintiff by Avila continued which had a negative effect on Plaintiff's medical conditions. As a result, Plaintiff's medications needed to be adjusted by his doctor.

23. On or about February 9, 2022, Plaintiff contacted Cunillera, Avila, and Cara Viglucci, head of compliance (hereinafter "Viglucci") requesting time off to adjust to new medication related to his disability. No response was provided by Viglucci or Avila.

24. On or about February 14, 2022, Avila scheduled a meeting with Plaintiff and Cunillera for February 16, 2022. At the meeting, Avila spent most of the meeting scolding and belittling Plaintiff and for the first time, Plaintiff was informed of poor performance and alleged bad attitude by Avila. Plaintiff attempted to explain how his PTSD symptoms affected him and requested reconsideration of this evaluation. However, his request was dismissed by Cunillera who stated the issues raised were unrelated to his conditions.

25. Plaintiff did not receive a full pay raise and bonus because of the bad review from Avila.

26. After the meeting, Plaintiff emailed Chief Officer of Human Resources Suzy Bobenrieth (hereinafter "Bobenrieth") to complain about the treatment he received during the meeting with Avila and Cunillera. Specifically, Plaintiff complained about the poor handling of the situation at the meeting and suggested training be provided on how to handle employees with mental disabilities to avoid this issue in the future.

27. Given the circumstances with Avila, and since Plaintiff did not have any PTO available, Plaintiff also emailed Cunillera requesting to be transferred to a different unit as a reasonable accommodation.

28. On or around March 9, 2022, Plaintiff emailed Cunillera, and HR representative Mariana Barba (herein as "Barba") following up on his requests for accommodations. Plaintiff's request to transfer was not addressed. Instead, Plaintiff was informed he had been approved to take FMLA leave from March 10, 2022- April 10, 2022 and was counseled to apply for short-term disability.

29. Plaintiff then took leave starting on March 25, 2022. While Plaintiff was on leave, due to an error by HR his short-term disability was denied, and Plaintiff was not receiving any income or benefits.

30. Plaintiff made multiple requests by phone and written communication to Cunillera, Barba and Karen Nunez in human resources to return to work and be removed from the hostile work environment and to be assigned to a different supervisor between March 25, 2022 through March 31, 2022 and her termination, all to no avail.

31. On April 4, 2022, Plaintiff had a call with Cunillera and Barba regarding his return to work and transfer to a new unit. Cunillera advised Plaintiff that his request to transfer was denied and if he returned to work, he needed to adjust.

32. On April 26, 2022, Plaintiff informed Avila that he would be returning to work. That same day, Plaintiff had a zoom call with Cunillera and Barba where he was advised that upon his return he would be under a "very difficult" performance improvement plan (PIP). In the alternative, Plaintiff was offered a voluntary resignation.

33. Plaintiff refused to resign and once again requested to be transferred out of Avila's purview as a reasonable accommodation.  Plaintiff's request was denied.

34. On May 4, 2022, Plaintiff received his PIP. The terms of the PIP required Plaintiff to meet with Avila on a daily basis.

35. Upon his returned to work, Avila retaliated against Plaintiff for his complaints to human resources by canceling Plaintiff's access to complete tasks, not giving him assignments and providing no guidelines, training or support related to the PIP.

36. On May 24, 2022, Plaintiff requested to work remotely because of the hostile work environment affecting his health. This request was denied.

37. Despite continuing to meet the goals outlined in the PIP, Plaintiff was terminated by Avila and Cunillera on May 31, 2022.

38. Defendant's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment with Defendant as a result of his condition(s) within weeks of his reasonable requests for accommodations and from taking leave under the FMLA.

39. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's request for a reasonable accommodation and/or protected leave was a motivating factor in the decision for the adverse employment action.

40. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FMLA
## (INTERFERENCE)

41. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-40 above as though the same were fully set forth herein.

42. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for interference in violation of 29 U.S.C. § 2615(a)(1).

43. Plaintiff was eligible for FMLA leave due to his serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D). He requested leave pursuant to the statute and submitted all required paperwork on or about February 9, 2022.

44. Plaintiff gave sufficient notice to his employer of his need for leave under the FMLA and provided all necessary paperwork.

45. Under the FMLA, 29 U.S.C. § 2615(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act. Unlawful employer interference includes not only refusing to authorize FMLA leave, but also "discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

46. Plaintiff attempted multiple times to follow up on his request with different members of HR. The request was not approved until on or around March 9, 2022.

47. Defendant interfered with Plaintiff's right to take up to 12 weeks of FMLA leave when, Cunillera, Avila, failed to address Plaintiff's request for leave.

48. Furthermore, Defendant failed to "respect" the employee's FMLA "entitlements" when, Plaintiff's return to work was delayed and Plaintiff was asked to resign when he informed the Defendant, he was ready and able to return to work as alleged above.

49. When Defendant terminated Plaintiff, Defendant further interfered with Plaintiff's right to his position (or its equivalent) and thus violated the FMLA.

50. As a direct result of his termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

51. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

52. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

53. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

54. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

    A. Adjudge and decree that the Defendant has violated the FMLA;

   B.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

   C.  Interest on the amount found due;

   D.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   E.  Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

   F.  Such other relief as the Court deems just and proper.

**<u>COUNT II</u>**
**VIOLATION OF FMLA**
**(RETALIATION)**

55. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-40 above as though the same were fully set forth herein.

56. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

57. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to his for his serious medical condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

58. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

59. Plaintiff gave sufficient notice to his employer of his need for leave and provided all necessary paperwork. On or about March 9, 2022, Cunillera notified Plaintiff his leave was approved from March 10, 2022 to April 10, 2022.

60. Upon returning to work Plaintiff was placed under a PIP and was denied access by Defendant. Plaintiff was ultimately terminated shortly after his return.

61. Plaintiff's termination constitutes an adverse employment action.

62. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

63. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's decision to terminated Plaintiff's employment.

64. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

65. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Avila, Cunillera, and any other employee involved in Plaintiff request. Therefore, the actions of Defendant's employees should be imputed to Defendant.

66. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from Defendant.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

C.  Interest on the amount found due;

D.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E.  Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

F.  Such other relief as the Court deems just and proper.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

67. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-40 above as though the same were fully set forth herein.

68. Plaintiff is disabled as he suffers from PTSD, Anxiety and depression which is are impairment which substantially limits one or more major life activities; to wit: concentrating, evaluating, and communicating/interacting with others.

69. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a Global investigations manager with or without a proposed reasonable accommodation in that he never received a negative review or appraisal and was recommended and praised by his supervisor prior to Avila becoming his supervisor.

70. Plaintiff was  a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

71. Defendant failed to provide Plaintiff with reasonable accommodations as that term is defined in the ADAAA, § 101(9).  Starting on August 2021, Plaintiff made several requests for accommodations included but not limited to working remotely, request for leave and request to transfer to another unit.  These requests were reasonable and would not have caused Defendant undue hardship.

72. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, denial of Plaintiff's requests for accommodation and Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited his in one or more major life activity and/or Plaintiff's record of having such disability.

73. Defendant's alleged bases for its adverse treatment of Plaintiff if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

74. Defendant's stated reason for terminating Plaintiff—is not based on any known facts in this case.

75. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

76. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability or requests for accommodation by terminating him because of his condition under the circumstances described above.

77. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

78. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

79. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

    A.  Actual damages as a result of Defendant's discriminatory actions;

    B.  Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

D.  Injunctive relief where feasible;

E.  Attorney's fees;

F.  Costs of this action; and

G.  Any other relief this Court deems proper.

**COUNT IV**
**DISABILITY DISCRIMINATION**
**UNDER THE ADA AND ADAAA**

80. Plaintiff incorporates herein the allegations contained in paragraphs 1–40,  inclusive, as though same were fully re-written, and says:

81. Plaintiff is disabled as he suffers from PTSD, anxiety and depression, which are an impairment that substantially limits one or more major life activities; to wit:  concentrating, evaluating, and communicating/interacting with others.

82. Plaintiff was at all times qualified to perform the essential functions of his job as a global investigations manager with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

83. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

84. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activity to wit:

concentration, evaluation, and communication/interaction with others; and/or Plaintiff's record of having such disability.

85. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

86. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

87. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

88. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

89. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Cunillera, Avila and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

90. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

    A.  Actual damages as a result of Defendant's discriminatory actions;

        B.      Punitive damages due to Defendant's willful behavior;

        C.      Compensatory damages;

14

D.     Injunctive relief where feasible;

E.     Attorney's fees;

F.     Costs of this action; and

G.     Any other relief this Court deems proper.

**<u>COUNT V</u>**
**HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA**

91. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-40 above as though the same were fully set forth herein.

92. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

93. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

94. Specifically, Plaintiff alleges that Defendant wrongfully denied his reasonable requests for an accommodation for his disability and ultimately terminated him.

95. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited his in one or more major life activities, and/or Plaintiff's requests for reasonable accommodations.

96. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

97. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's requests for reasonable accommodations were also motivating factors for Defendant's adverse treatment of Plaintiff.

98. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and or benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering damages.

99. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

100. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-40 above as though the same were fully set forth herein.

101. Plaintiff requested a reasonable accommodation starting on August 2021 for his disability. These requests were made to Avila, Cunillera, Nunez and Viglucci who knew of Plaintiff's disability.

102. Specifically, Plaintiff requests included to work remotely, request for leave and request to transfer to another unit.

103. These requests were reasonable and would not have caused Defendant undue hardship in that Plaintiff was able to perform his job.

104. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

105. Plaintiff was ultimately termination on May 31, 2022. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

106. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

107. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

108. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court award Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT VII**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RETALIATION)**

109. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-40 above as though the same were fully set forth herein.

110. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

111. Plaintiff requested reasonable accommodation(s) for his disabilities as alleged above.

112. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

113. These requests were a protected activity under the FCRA and would not have caused Defendant undue hardship in that Plaintiff was able to perform his job.

114. Defendant ultimately terminated Plaintiff without valid cause on May 31, 2022.

115. Plaintiff's termination constitutes an adverse employment action under the FCRA.

116. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA.

117. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Avila and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

118. Defendant's states reason(s) for denying Plaintiff's request for accommodation and for terminating Plaintiff if any, is pretextual.

119. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

120. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation, were a motivating factor in the decision for the adverse employment action(s).

121. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

**[SPACE WAS LEFT INTENTIONALLY BLANK]**

## **DEMAND FOR JURY TRIAL**

Plaintiff JUAN RUIZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 19, 2023                    Respectfully Submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com